UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SHAWN CAVENDER,

                **AMENDED COMPLAINT**

            Plaintiff,               Case No. 21-cv-07290(AKH)

           -against-            <u>Trial by Jury Demanded</u>

THE CITY OF NEW YORK,
NYPD OFFICER SEAN
DEGNAN, NYPD SERGEANT
ANDREW GHIBAUDI, NYPD
OFFICER MICHAEL
LABORDE, NYPD
LIEUTENANT LAWRENCE
WANG, and NYPD POLICE
OFFICER JOHN DOE #'s 1 and
4,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff, by his attorneys Law Offices of Michael V. Cibella, LLC, complaining of defendants, allege as follows, upon information and belief:

**PRELIMINARY STATEMENT**

      1.    This is a civil rights action in which the plaintiff SHAWN CAVENDER ("Plaintiff") seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. The case arises from a June 2, 2020 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, false imprisonment, excessive force, battery and deprivation of his rights pursuant to the First, Fourth and Fourteenth Amendments of the U.S. Constitution. Plaintiff seeks compensatory and punitive damages,

declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action alleges violations of plaintiff's civil rights and is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of battery, false arrest and imprisonment, and negligent hiring, training and retention.  With respect to this state law claim, a notice of claim was duly filed on the City of New York within 90 days of the incident in question, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claim. This state law claim is timely because this action was filed within one year and 90 days of the incident at issue in this lawsuit.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this action occurred in this District and because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to Plaintiffs' federally protected rights took place in this District, specifically at NYPD Headquarters located at One Police Plaza, and at the Office of the Civilian Complaint Review Board located at 100 Church Street

## PARTIES

5.     Plaintiff SHAWN CAVENDER was and is a United States citizen and resident of the State of New York, County of New York.

6.     The City of New York (hereinafter "the City") was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

7.     At all times herein mentioned, the City operated, managed, maintained and controlled a police force known as the New York Police Department (hereinafter "the NYPD").

8.     At all times herein mentioned, the NYPD was and is an agency of the City.

9.     At all times herein mentioned, Defendant NYPD Police Officer SEAN DEGNAN ("Degnan") was and is a uniformed member of the NYPD and employed by the City as a police officer. Degnan is sued in his individual and official capacity.

10.     At all times herein mentioned, Degnan was acting within the course and scope of his employment with the NYPD.

11.     At all times herein mentioned, Degnan was acting under color of state law.

12.     At all times herein mentioned, Defendant NYPD Police Sergeant ANDREW GHIBAUDI ("Ghibaudi") was and is a uniformed member of the NYPD and employed by the City as a police sergeant and supervisor. Ghibaudi is sued in his individual and official capacity.

13.     At all times herein mentioned, Ghibaudi was acting within the course and scope of his employment with the NYPD.

3

14.     At all times herein mentioned, Ghibaudi was acting under color of state law.

15.     At all times herein mentioned, Defendant NYPD Police Officer MICHAEL LABORDE ("Laborde") was and is a uniformed member of the NYPD and employed by the City as a police officer. Laborde is sued in his individual and official capacity.

16.     At all times herein mentioned, Laborde was acting within the course and scope of his employment with the NYPD.

17.     At all times herein mentioned, Laborde was acting under color of state law.

18.     At all times herein mentioned, Defendant NYPD Police Lieutenant LAWRENCE WANG ("Wang") was and is a uniformed member of the NYPD and employed by the City as a police lieutenant and supervisor. Wang is sued in his individual and official capacity.

19.     At all times herein mentioned, Wang was acting within the course and scope of his employment with the NYPD.

20.     At all times herein mentioned, Wang was acting under color of state law.

21.     At all times herein mentioned, Defendant NYPD Police Officer John Doe #'s 1 and 4 (the "John Doe Officers") were and are employed by the City as a police officer.

22.     At all times herein mentioned, the John Doe Officers are each sued in their individual and official capacity.

23.     At all times herein mentioned, the John Doe Officers were acting within the course and scope of each's employment with the NYPD.

24.     At all times herein mentioned, the John Doe Officers were acting under color of state law.

25.     Defendants NYPD members John Doe #'s 1 and 4 are fictitious names intended to represent uniformed members of the NYPD whose identity is unknown to plaintiff and who, with other members of the NYPD participated in the forcible seizure, arrest, assault, battery and violations of the constitutional rights of plaintiff on June 2, 2020.  John Does # 1 and 4 are sued in their individual and official capacities.

26.     All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## STATEMENT OF FACTS

27.     Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

28.     On June 2, 2020, plaintiff was lawfully and peacefully walking northbound on Madison Avenue between 95th street and 96th streets, in New York, New York, while attending a protest of police misconduct in the wake of the killing of George Floyd.

29.     That during the course of the protest, defendant NYPD POLICE OFFICER JOHN DOE #1, a uniformed member of the police department, shoved a protester standing peaceably with his hands up and exercising his First Amendment Constitutional rights, without any provocation at all, at the corner of 95th street and Madison Avenue, causing a stampede of protesters and members of the NYPD in riot gear to begin running northbound towards 96th street on Madison Avenue in plaintiff's direction.

5

30.     That while plaintiff likewise ran northbound on Madison Avenue towards 96th street to escape the oncoming rush of protesters and numerous members of the NYPD in riot gear running towards him, plaintiff encountered another person fallen on the ground and, after helping this person up from the ground, was confronted by defendant NYPD OFFICER MICHAEL LABORDE, a uniformed member of the police department outfitted in riot gear assigned to the 23rd Precinct, at which time plaintiff extended his arms vertically over his head and held his hands open, an act commonly referred to as a "hands up" gesture and universally recognized as intended to indicate that the individual poses no threat of harm to others, and Laborde nevertheless proceeded to violently throw plaintiff to the ground and begin punching, kicking and hitting plaintiff with his police baton, aka nightstick, and/or asp while he was on the ground in order to unlawfully place plaintiff under arrest.

31.     That after defendant NYPD Officer Laborde violently threw plaintiff to the ground, defendants NYPD OFFICER SEAN DEGNAN, NYPD SERGEANT ANDREW GHIBOUDI and NYPD POLICE OFFICER JOHN DOE # 4, while acting in concert with Laborde, all proceeded to hit plaintiff about plaintiff's head, shoulders, back, arms and abdomen using their fists, boots and police batons, aka nightsticks, and/or asps, and forcefully placing their knees against plaintiff's back, keeping him pinned to the ground and forcibly applying zip-ties to plaintiff's hands, behind his back, without his consent and against his will, causing personal physical injuries thereto and to his head, shoulders, back, arms and abdomen and other physical injuries.

32.     At the time of the assault, battery and arrest, plaintiff was not engaged in wrongdoing, criminal or assaultive activity against anyone or anything.

33.     At the time of the assault, battery and arrest, plaintiff and others were exercising right of free speech, right of free assembly, and right to petition the government for redress of grievances, guaranteed by the First Amendment to the Constitution as a result of the death of George Floyd and others as a result of police departments' use of force, including the NYPD.

34.     That after forcibly applying the zip ties to plaintiff, Degnan, Ghibaudi, Laborde and John Doe Officer # 4 continued to detain, confine and imprison plaintiff against his will at various locations, including, but not limited to, a police vehicle and a police precinct, while rear handcuffed.

35.     That defendant NYPD Lieutenant LAWRENCE WANG observed police officers repeatedly and violently strike plaintiff with police batons, aka nightsticks, about plaintiff's head and back in violation of the NYPD Patrol Guide and other NYPD safety guidelines, and other areas of plaintiff's body while plaintiff laid face down on the ground with his hands behind his back and gave no order to stop it.

36.     Instead, Wang directed police officers to place plaintiff in flex cuffs and to make them tight.

37.     That after plaintiff was physically detained by Degnan, Ghibaudi, Laborde and John Doe Officer # 4, he was formally placed plaintiff under arrest and said defendants continued the forcible detention, confinement and imprisonment of plaintiff.

38.     That Ghibaudi, as a police sergeant and supervisor, further authorized the formal arrest of plaintiff and the continued forcible detention, confinement and imprisonment of plaintiff.

39.     That Wang, as a police lieutenant and supervisor, further permitted and authorized the formal arrest of plaintiff and the continued forcible detention, confinement and imprisonment of plaintiff and removal to the police precinct.

40.     That after plaintiff was physically detained in the vicinity of Madison Avenue and 96th Street, he was placed inside a police vehicle, while still rear handcuffed, and transported to the 23rd Police Precinct by Laborde, Degnan and Ghibaudi.

41.     That during the course of his detention, Degnan further tightened the flex cuffs when plaintiff asked him to loosen them due to the substantial pain they were already causing plaintiff, thereby causing further pain and discomfort.

42.     That following plaintiff's arrest, Degnan, Ghibaudi, Laborde and Wang initiated and/or caused to be initiated a criminal prosecution of plaintiff, charging plaintiff with crimes of which he was innocent and of which said defendants knew plaintiff to be innocent.

43.     That in support of the aforementioned prosecution, Degnan, Ghibaudi, Laborde and Wang knowingly made false accusations against plaintiff to fellow officers and to prosecutors.

44.     That in support of the aforementioned criminal prosecution, Degnan authored and signed a Summons Appearance Ticket (the "Summons") that contained allegations of criminal conduct against plaintiff that were false and that Degnan knew to be false, a partially redacted copy of which is annexed hereto as *Exhibit A*.

45.     That Wang and Ghibaudi, as supervisors, authorized the issuance of the Summons to plaintiff.

8

46.     That on or about October 14, 2020, all criminal charges against plaintiff were dismissed as the NYPD failed to file a legally sufficient summons and the criminal proceeding terminated favorably to plaintiff per the Criminal Court of the City of New York's letter regarding the Summons, dated October 14, 2020, a copy of which is annexed hereto as *Exhibit B*.

47.     That all times herein, Degnan, Ghibaudi, Laborde, Wang and John Doe Officer # 4 lacked probable cause to believe that plaintiff had committed or was about to commit any crime or criminal violation.

48.     That the force used against plaintiff by Laborde, Degnan, Ghibaudi and John Doe Officer # 4 was unreasonable, excessive and not justified under the circumstances.

49.     That the aforementioned actions of Laborde, Degnan, Ghibaudi and John Doe Officer # 4 were intentional and malicious in nature.

50.     That the aforementioned actions of John Doe Officer # 1 were motivated, in part, by a desire to punish plaintiff and others for the exercise of their First Amendment rights of free speech and assembly, and their right to petition the government for redress of grievances.

51.     That the aforementioned actions of John Doe Officer # 1 were the proximate cause of the ensuing stampede of protesters and members of the NYPD in riot gear running northbound towards 96th street on Madison Avenue in plaintiff's direction impeding plaintiff's ability to travel north of 96th street on Madison Avenue as he was peaceably and lawfully doing until that point.

52.     That the aforementioned actions of Laborde, Degnan, Ghibaudi, Wang and John Doe Officer # 4 were motivated, in part, by a desire to punish plaintiff for the exercise of

his First Amendment rights of free speech and assembly, and his right to petition the government for redress of grievances.

53.     That each of the defendants herein observed aspects of the illegal conduct of his fellow officers, had a duty and reasonable opportunity to intervene to prevent and/or stop that illegal conduct, and deliberately failed and refused to do so.

54.     That defendants Ghibaudi and Wang observed aspects of the illegal conduct of his fellow officers, and as NYPD supervisors, had a greater duty and reasonable opportunity to intervene to prevent and/or stop that illegal conduct, and deliberately failed and refused to do so.

55.     That as a result of the aforesaid actions of the defendants, plaintiff sustained physical and emotional injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, suffered a deprivation of liberty, incurred attorneys' fee in defense of the criminal charges, incurred other economic loss, and has been otherwise damaged.

## FIRST CAUSE OF ACTION AGAINST LABORDE, DEGNAN, GHIBAUDI and JOHN DOE #'s 1 and 4
(State Law Claim for Assault and Battery)

56.     Plaintiff individually repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

57.     The aforesaid actions by the officers, including defendants, constitute and resulted in an assault and battery of plaintiff, for which Laborde, Degnan, Ghibaudi and John Doe Officer #'s 1 and 4 are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

## SECOND CAUSE OF ACTION AGAINST DEGNAN, GHIBAUDI, LABORDE, WANG and JOHN DOE # 4
(State Law Claim for False Arrest/Imprisonment)

58.     Plaintiff individually repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

59.     The aforesaid actions by the officers, including defendants, constituted and resulted in a false arrest and false imprisonment of plaintiff, for which Degnan, Ghibaudi, Laborde, Wang and John Doe Officer # 4 are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

**THIRD CAUSE OF ACTION AGAINST**
**DEGNAN, GHIBAUDI, LABORDE and WANG**
(State Law Claim for Malicious Prosecution)

60.     Plaintiff individually repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

61.     The aforesaid actions by the officers, including defendants, constitute and resulted in a malicious prosecution of plaintiff, for which Degnan, Ghibaudi, Laborde and Wang are liable under New York State law and for which the City is vicariously liable under the doctrine of respondeat superior.

**FOURTH CAUSE OF ACTION AGAINST LABORDE,**
**DEGNAN, GHIBAUDI, WANG and JOHN DOE #'s 1 and 4**
(42 U.S. C. § 1983: Fourth and Fourteenth Amendment Claims)

62.     Plaintiff individually repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

63.     That the aforesaid actions by the officers, including defendants, constitute and resulted in the use of excessive force, illegal searches and seizures, deprivations of liberty, false arrest/imprisonment, arbitrary and capricious abuses of authority, a failure to intervene to prevent and/or stop the improper and unconstitutional conduct of their fellow officers, and a violation of rights guaranteed to plaintiff under the Fourth

Amendment and  Fourteenth Amendment to the U.S. Constitution, and entitle plaintiff to recover damages from Laborde, Degnan, Ghibaudi, Wang and John Doe Officer #'s 1 and 4 under 42 U.S.C. § 1983.

### FIFTH CAUSE OF ACTION AGAINST LABORDE, DEGNAN, GHIBAUDI, WANG and JOHN DOE #'s 1 and 4
(42 U.S. C. § 1983: First Amendment Claim)

64.     That the aforesaid actions by the officers, including defendants, were undertaken in retaliation or retribution for plaintiff having exercised his right of free speech, his right of free assembly, and his right to petition the government for redress of grievances, guaranteed by the First Amendment to the Constitution, and entitle plaintiff to recover damages from Laborde, Degnan, Ghibaudi, Wang and John Doe Officer #'s 1 and 4 under 42 U.S.C § 1983.

### SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
("Monell" Claim)

65.     Plaintiff individually repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

66.     The aforesaid incident and resulting damage to Plaintiff was due to a deliberate indifference by the City to a pattern of unconstitutional conduct by the involved NYPD officers, including defendants Laborde, Degnan, Ghibaudi, Wang and John Doe Officer #'s 1 and 4, and entitle plaintiff to recover damages under 42 U.S.C. § 1983.

### SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Negligent Hiring, Training and Retention Under NY State Law)

67.     Plaintiff individually repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

68.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian

Complaint Review Board, and from the NYPD's own observations, that Laborde, Degnan, Ghibaudi, Wang and John Doe Officer #'s 1 and 4 are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

69.   Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officer defendants and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

70.   The aforesaid incident and resulting damage to Plaintiffs was due to the negligence of the City, its agents, servants and/or employees, in the hiring, training and retention of the involved NYPD officers, including defendants Laborde, Degnan, Ghibaudi, Wang and John Doe Officer #'s 1 and 4.

WHEREFORE, Plaintiff demands judgment against defendants, and each of them, for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars, and punitive damages in the amount of One Million ($1,000,000.00) Dollars.

Plaintiff further demands attorneys' fees pursuant to 42 U.S.C. § 1983, together with the costs and disbursements of this action.

Plaintiff further demands a jury trial and such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

Dated: New York, New York
       April 19, 2022

LAW OFFICES OF MICHAEL V. CIBELLA, LLC
*Attorneys for Plaintiff*
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 818-1880

mvc@cibellalaw.com


By: _____

*Michael V. Cibella*

Michael V. Cibella, Esq. (MC-8658)